

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-22-2004

# Jashanica v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2027

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Jashanica v. Atty Gen USA" (2004). *2004 Decisions.* Paper 46.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/46

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-2027
_____


AGIM JASHANICA;
ARDITA SYLEJMANI,

Petitioners

v.

JOHN ASHCROFT,
ATTORNEY GENERAL OF THE UNITED STATES,

Respondent


_____

On Petition for Review of a Decision by the
Board of Immigration Appeals
(No. A77-544-131 and No. A77-544-132)

_____

Submitted Under Third Circuit LAR 34.1(a)
December 16, 2004


Before: NYGAARD and GARTH, Circuit Judges.
and POLLAK,* District Judge.

_____

*Honorable Louis H. Pollak, Senior District Judge for the United States District
Court for the Eastern District of Pennsylvania, sitting by designation.

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Agim Jashanica and Ardita Sylejmani ("Petitioners") petition this Court for review of a final order of removal by the Board of Immigration Appeals. We have jurisdiction pursuant to 8 U.S.C. § 1252 and will deny the petition.

I.

Petitioners are ethnic Albanian natives of Kosovo. On February 10, 1999 they entered the United States without valid entry documents and for that reason were charged as removable by the former-INS. Petitioners conceded removability but sought asylum, withholding of removal, and protection under the Convention Against Torture, alleging that, because of their Muslim faith, they were persecuted by Serbs from 1996 to 1998.

In support of their claim, Sylejmani testified before the Immigration Judge that the Serbian army murdered her father and Jashanica testified that he was beaten by the Serbian police. Finding Petitioners not credible because of the lack of corroboration concerning the murder of Sylejmani's father, the Immigration Judge denied their claims for relief and ordered their removal from the United States. Petitioners did eventually

obtain what purported to be a death certificate for Sylejmani's father and subsequently appealed to the Board by filing a motion to reopen and remand based on that newly-acquired piece of evidence. On March 12, 2003, the Board denied Petitioners' motion and dismissed their appeal. It held that even if Petitioners had credibly established a claim of past persecution, due to changed country conditions, they no longer possessed a well-founded fear of persecution. In the absence of such fear, the Board explained, Petitioners were required to demonstrate that they were entitled to a humanitarian grant of asylum under 8 C.F.R. § 208.13(b)(1)(iii). The Board found Petitioners had not done so and rejected their claims for relief. This petition followed.

## II.

Whether Petitioners are statutorily eligible for asylum is a question of fact, which we review under the substantial evidence standard. *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002). Under this standard, we uphold the findings of the Board if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (quotation omitted). We reverse those findings only when "the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft*, 242 F.3d 477, 483–84 (3d Cir. 2001) (citing *Elias-Zacarias*, 504 U.S. at 481). Similarly, we will disturb the discretionary decisions of the Board only if they are "arbitrary, irrational, or contrary to law." *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004).

3

III.

The Attorney General may grant asylum to those qualifying as refugees. *Abdille*, 242 F.3d at 482 (citing 8 U.S.C. § 1158(b)(1)). Refugees are individuals who are unwilling or unable to return to their home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). An applicant who demonstrates past persecution is entitled to a rebuttable presumption of a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1). That presumption is rebutted and a grant of asylum generally will be denied when the government proves there has been a "fundamental change in circumstances" in the applicant's country such that the applicant no longer has a well-founded fear of persecution there. *Id*. Even in the event of rebuttal, however, the Board may still award a humanitarian grant of asylum in its discretion if the applicant demonstrates either "compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution" or "a reasonable possibility that he or she may suffer other serious harm upon removal to that country." *Id*. at § 208.13(b)(1)(iii); *see In re Chen*, 20 I. & N. Dec. 16 (BIA 1989) ("However, there may be cases where the favorable exercise of discretion is warranted for humanitarian reasons even if there is little likelihood of future persecution.").[1]

---

1. As Petitioners have not appealed the Board's denial of withholding of removal and protection under the Convention Against Torture, we need not address those issues.

The Board found that even if Petitioners had established past persecution, any presumption of a well-founded fear of future persecution had been rebutted because of fundamental changes in Kosovo. Petitioners do not challenge this finding of fact and we hold it to be supported by substantial evidence. The Board took administrative notice of the Country Report on Human Rights Practices in Kosovo published by the Department of State, which notes that persecution by Serbs in Kosovo has ceased, as the United Nations is now in control. This report, and the fact that Petitioners have family remaining in Kosovo without incident, provide substantial evidence to uphold the Board's finding that the presumption of a well-founded fear has been rebutted.

Finding no well-founded fear of persecution, the Board declined to award a humanitarian grant of asylum as a matter of discretion. It is this exercise of discretion that Petitioners challenge. The Board held that while the one-time beating of Jashanica and the murder of Sylejmani's father may have constituted persecution, those incidents were not compelling enough to merit asylum in the absence of a well-founded fear of persecution. *See* 8 C.F.R. § 208.13(b)(1)(iii)(A). It held, moreover, that Petitioners failed to show a reasonable possibility that they would suffer other serious harm if returned to Kosovo. *See* 8 C.F.R. § 208.13(b)(1)(iii)(B). For these reasons, the Board declined to award Petitioners humanitarian asylum. Regardless of whether we agree with the Board's exercise of its discretion, given existing case law concerning the humanitarian grant of asylum, we cannot say the Board's decision was an abuse of its discretion. *See In re*

5

*Chen*, 20 I. & N. Dec. at 16 (granting asylum for humanitarian reasons where applicant had been beaten, detained, and forced into hard labor from the age of eight, leaving him with permanent physical and emotional wounds).

## IV.

We are not unsympathetic to Petitioners' plight. Nevertheless, the Board did not abuse its discretion by denying their request for a humanitarian grant of asylum. We will deny the petition for review.